IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 2:16-cr-00163-01

DAYMEON DAMAR JOHNSON,

        Defendant.

MEMORNAUMD OPINION AND ORDER

Pending before the court is a pro se letter-form motion for compassionate release, [ECF No. 158], filed by Defendant Daymeon Damar Johnson. In the motion, Mr. Johnson requests compassionate release. I construe this request as one made pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For me to reduce or modify Mr. Johnson's sentence under this statute, I must find that he has exhausted his administrative remedies or waited 30 days from petitioning the Warden at the facility in which he is housed, has demonstrated "extraordinary and compelling reasons," is not a danger to the safety of others, and find that his release is consistent with § 3553(a) factors. *See e.g., United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855, at *2 (E.D.N.C. May 6, 2020); U.S.S.G. § 1B1.13 (2018). In this case, Mr. Johnson has not indicated that he has made any such required request to the Warden. Therefore, his motion, [ECF No. 159], is **DENIED without prejudice**. This ruling means that Mr.

Johnson may petition the court again after making a request to the Warden *and* either exhausting his administrative remedies through the Bureau of Prison's appeal process or waiting 30 days from the Warden's receipt of his request, whichever is earlier. *See* 18 U.S.C. § 3582(c)(1)(A).

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: July 30, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE