IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                         CRIMINAL ACTION NO. 2:16-cr-00163-01

DAYMEON DAMAR JOHNSON,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court are Daymeon Damar Johnson's Motion for Compassionate Release, [ECF No. 180], and Supplemental Motion for Compassionate Release, [ECF No. 194]. For the reasons stated herein, Mr. Johnson's motions are **DENIED**.

I. Background

On April 4, 2017, I sentenced Mr. Johnson to a 168-month term of imprisonment followed by 3 years of supervised release after he pleaded guilty to Conspiring to Distribute a Quantity of Heroin in violation of 21 U.S.C. § 846. [ECF Nos. 114, 115].

Mr. Johnson is currently imprisoned at FCI Butner Low ("FCI Butner") in Butner, North Carolina. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/index.jsp (first name "Daymeon," last name

"Johnson") (last visited Jan. 23, 2023). His projected release date is July 7, 2028. *Id.* FCI Butner is "[a] low security federal correctional institution" that houses 909 total inmates. *FCI Butner Low*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/buf/ (last visited Jan. 23, 2023).

On February 14, 2022, Mr. Johnson filed his Motion for Compassionate Release. [ECF No. 180]. He filed a Supplemental Motion for Compassionate Release on January 20, 2023. [ECF No. 194]. These are Mr. Johnson's fourth and fifth compassionate release motions. *See* [ECF Nos. 158, 164, 174, 180, 194]. On July 30, 2020, I denied Mr. Johnson's first motion for failure to exhaust administrative remedies. [ECF No. 162]. I denied his second motion on November 3, 2020, for failing to demonstrate "extraordinary and compelling reasons" justifying his release, [ECF No. 169], and his third motion on January 28, 2021, because granting compassionate release was inconsistent with the 18 U.S.C. § 3553(a) factors, [ECF No. 177]. In his current motions, Mr. Johnson asks the court to modify his sentence based on the rising number of COVID-19 cases at FCI Butner. [ECF Nos. 180, 194].

## II. Discussion

The First Step Act empowers criminal defendants to request compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). To grant an inmate's motion for compassionate release under section 3582(c)(1)(A)(i), the court must: (1) find that "extraordinary and compelling reasons" warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. *Id.*

2

§ 3582(c)(1)(A). When analyzing "extraordinary and compelling reasons," "[t]he district court enjoy[s] broad discretion." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). The Fourth Circuit has determined that district courts may take an individualized approach regarding whether "extraordinary and compelling reasons" are established. *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Therefore, "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

I have joined other courts in holding that I cannot find that "extraordinary and compelling reasons" exist to grant release because of COVID-19 unless the inmate has a medical condition that heightens his risk of developing a serious illness from COVID-19 *and* his prison conditions are such that the BOP cannot effectively prevent the spread of COVID-19. *See United States v. Boston*, No. 2:19-cr-00162, 2021 WL 77466, at *2 (S.D.W. Va. Jan. 7, 2021). In deciding which medical conditions result in an inmate being at higher risk for COVID-19, I will defer to the CDC's list of medical conditions causing an increased risk of severe illness from the virus. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 6, 2022).

The COVID-19 pandemic is an ongoing and evolving public health crisis. Over the past three years, however, the nation's understanding of the complexities of the virus has vastly improved. When analyzing a defendant's motion for compassionate

3

release, the court must consider current information regarding the number of new COVID-19 cases, the risks of the virus, and the medical treatments available to protect against severe illness from the virus. As new information becomes available, circumstances previously considered "extraordinary and compelling" might not be cause for concern today.

### 1. Exhaustion of Administrative Remedies and Section 3582(c)(1)(A)

Before a criminal defendant can request compassionate release from the court, the defendant must first ask the BOP to do so on his or her behalf and then wait thirty days. 18 U.S.C. § 3582(c)(1)(A). Upon such a motion from the BOP or from a defendant (after the BOP denies the request or thirty days have elapsed since the request was filed), a court "may reduce the term of imprisonment." *Id.*; *see also McCoy*, 981 F.3d at 283.

Mr. Johnson provided the court a copy of his request to the warden for compassionate release, made on January 31, 2022. [ECF No. 180, at 8]. Thirty days have passed since Mr. Johnson petitioned the warden. Therefore, I find that Mr. Johnson has exhausted his administrative remedies. I now turn to whether Mr. Johnson has alleged "extraordinary and compelling reasons" that justify compassionate release.

### 2. Extraordinary and Compelling Reasons

Mr. Johnson alleges that "extraordinary and compelling reasons" exist to grant him compassionate release due to COVID-19 because he suffers from sickle cell

4

disease and FCI Butner is experiencing a rising number of COVID-19 cases among inmates. *Id.* at 3; [ECF No. 194, at 1].

I have previously found that Mr. Johnson suffers from a medical condition that places him at greater risk for developing a serious illness from COVID-19, [ECF No. 169, at 8; ECF No. 177, at 7], as sickle cell disease is identified on the CDC's list of conditions, *People with Certain Medical Conditions*, supra. I find, once again, that Mr. Johnson has a medical condition that makes him more likely to suffer severe illness should he contract COVID-19. I must next consider whether Mr. Johnson has shown that his prison conditions are such that the BOP cannot effectively prevent the spread of the virus.

Mr. Johnson alleges that FCI Butner is experiencing outbreaks of COVID-19. [ECF No. 180, at 3–4; ECF No. 194, at 1]. He states that the facility "is an open-dormitory styled housing, with no ability to social distance or prevent the spread of germs as inmates share showers, sinks[,] and toilets among 100 inmates per unit." [ECF No. 180, at 3]. These allegations trouble me. It would be a mistake to dismiss descriptions of prison conditions from those who actually experience them day-to-day. Nevertheless, over the past year, the number of active COVID-19 cases among FCI Butner inmates has remained remarkably low. *See Facility-Level BOP COVID-19 Trends*, Dep't of Just. Off. of the Inspector Gen., https://experience.arcgis.com/experience/ab22fb4c564e4f4b986e257c685190e8/page/Case-Trends/ (select "FCC Butner," then "Butner Low FCI") (last visited Jan. 24, 2023). I recognize that when

5

Mr. Johnson filed his motion on February 14, 2022, FCI Butner was experiencing a rise in its number of active inmate cases, which peaked at thirteen. *Id.* For almost a year following that surge, however, there were zero active COVID-19 cases among inmates at the facility. *Id.* Beginning on January 4, 2023, FCI Butner has been experiencing another rise in COVID-19 cases, with a total of five inmates and one staff member positive for the virus. *Id.* However, based on the history of the virus at FCI Butner, the low number of active cases over the past year, and the currently available data, I am not convinced that FCI Butner is unable to contain the spread of the virus.

In his Motion for Compassionate Release, Mr. Johnson states that he refuses to receive the COVID-19 vaccine, as "[he] does not feel safe injecting himself with the[] substance[]." [ECF No. 180, at 6–7]. An incarcerated person's decision to refuse the COVID-19 vaccine is a personal choice. However, that personal choice does not change the fact that the vaccine is widely "available to all staff and inmates who wish to receive it," *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 24, 2023), and "is an important tool [that could] help protect [Mr. Johnson] from severe illness, hospitalization, and death" and may alleviate his concerns about remaining incarcerated, *Getting Your COVID-19 Vaccine*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/expect.html (last updated Sept. 22, 2022).

6

Mr. Johnson has not shown that the existence of COVID-19 at FCI Butner when combined with his medical condition constitutes "extraordinary and compelling reasons" justifying his immediate release or a sentence reduction. I therefore do not need to consider whether the 18 U.S.C. § 3553(a) factors support a reduced sentence in this case.[1] Mr. Johnson's Motion for Compassionate Release and Supplemental Motion for Compassionate Release are **DENIED**.

### III. Conclusion

For the foregoing reasons, Mr. Johnson's motions [ECF Nos. 180, 194] are **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 24, 2023

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] This two-step approach is consistent with the Fourth Circuit's recent decision in *United States v. Malone*, No. 21-6242, 2023 WL 105673 (4th Cir. Jan. 5, 2023). A district court is only required to analyze the relevant 18 U.S.C. § 3553(a) factors once the defendant has shown "extraordinary and compelling reasons" warranting release. *Id.* at *5 ("[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) . . . .").